UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIO SURPRIS,

      Petitioner,

    v.                              Case No.:  2:26-cv-01146-SPC-NPM

ATTORNEY GENERAL *et al.*,

      Respondents,

                                         /

## **OPINION AND ORDER**

Before the Court are petitioner Mario Surpris's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Surpris is a native of Haiti who was paroled into the United States on October 4, 2003.  He became a lawful permanent resident a year later.  In 2009, Surpris was convicted of aggravated battery with a firearm and sentenced to 10 years in prison.  On March 21, 2014, an immigration judge ordered Surpris removed to Haiti but deferred removal under the Convention Against Torture.  Immigration and Customs Enforcement ("ICE") released him under an order of supervision on November 21, 2016.

Surpris violated the order by failing to report to ICE and by racking up additional criminal charges.  In 2022, he was charged with possession of heroin with intent to sell, possession of cannabis, and possession of drug paraphernalia—adjudication was withheld.  And on February 5, 2026, Surpris

was adjudicated guilty of domestic battery by strangulation. ICE revoked Surpris's release on February 17, 2026, due to his violations of the terms of the order of supervision. He is currently detained at Alligator Alcatraz. Surpris argues his detention violates the Immigration and Nationality Act and the Constitution.

The government briefs this action as one brought under *Zadvydas v. Davis*, 533 U.S. 678 (2001), which provides a framework to evaluate the lawfulness of post-removal detention when the government detains a noncitizen for the purpose of executing a removal order. The touchstone of *Zadvydas* is a significant likelihood of removal in the reasonably foreseeable future.

But ICE did not revoke Surpris's release because it found that removal would happen soon. Rather, ICE revoked release because Surpris violated the terms of release. 8 C.F.R. § 241.4(l) governs revocations of release for that reason. Surpris does not claim—and the evidence before the Court does not suggest—that ICE failed to comply with § 241.4(l). ICE provided Surpris written notice of the reasons for revocation and an opportunity to address those reasons in an informal interview. Surpris is also entitled to periodic review by the HQPDU director, the first of "which will ordinarily be expected to occur within approximately three months after release is revoked." 8 C.F.R. § 241.4(l)(3).

It appears ICE has thus far complied with the applicable regulation and afforded Surpris the process he is due.

Accordingly, it is hereby

**ORDERED:**

Mario Surpris Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record